**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000883
10-OCT-2014
08:32 AM**

NO. CAAP-14-0000883

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

ZACHARY FRED BAILEY,
Plaintiff-Appellee,
v.
BURRELLE DAVID DUVAUCHELLE, Trustee Under
Duvauchelle Family Trust U/D/T Dated August 14, 2008,
Defendant-Appellant,
and
BETTY J. DUVAUCHELLE, Trustee Under Living
Trust of Burrelle Duvauchelle and Betty Duvauchelle
U/D/T Dated 7/1/91, ·Defendant-Appellee,
and
LAURENCE H. DORCY, JR.,
Defendant-Third Party Plaintiff-Appellee
and
MARY PETERSON,
Third Party Defendant-Appellee,
and
JOHN DOES 1-10, JANE DOES 1-10,
DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10,
DOE ASSOCIATIONS 1-10, and DOE GOVERNMENTAL AGENCIES 1-10,
Defendants

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 06-1-0218(1))

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, Chief Judge, Foley and Reifurth, JJ.)

Upon review of the record on appeal, it appears that we do not have appellate jurisdiction over this appeal that Defendant-Appellant Burrelle David Duvauchelle, Trustee under

Duvauchelle Family Trust u/d/t dated August 14, 2008 (Appellant Burrelle Duvauchelle), has asserted from the Honorable Rhonda I.L. Loo's May 14, 2014 "Order Denying Defendants's Motion to Vacate the Final Judgment Filed July 16, 2013 and the June 26, 2013 Order Dismissing with Prejudice Plaintiff's Claims 1 and 3 Through 8 of the First Amended Complaint, Filed April 3, 2014" (hereinafter the May 14, 2014 interlocutory order), because the May 14, 2014 interlocutory order is not an appealable post-judgment order under Hawaii Revised Statutes (HRS) 641-1(a) (1993 & Supp. 2013).

HRS § 641-1(a) authorizes appeals to the intermediate court of appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) requires that "[e]very judgment shall be set forth on a separate document." Based on HRCP Rule 58, the Supreme Court of Hawai'i requires that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008).

After the circuit court has entered an appealable final judgment, "[a] post-judgment order is an appealable final order

-2-

under HRS § 641-1(a) if the order ends the proceedings, leaving nothing further to be accomplished." Ditto v. McCurdy, 103 Hawai'i 153, 157, 80 P.3d 974, 978 (2003) (citation omitted). Although a separate judgment is usually necessary for an appeal under HRS § 641-1(a), HRCP Rule 58 and the holding in Jenkins, "the separate judgment requirement articulated in Jenkins is inapposite in the post-judgment context." Ditto v. McCurdy, 103 Hawai'i at 158, 80 P.3d at 979. Thus, for example, "[a]n order denying a motion for post-judgment relief under HRCP [Rule] 60(b) is an appealable final order under HRS § 641-1(a)." Id. at 160, 80 P.3d at 981 (citation omitted).

At first glance, it might appear that Appellant Burrelle Duvauchelle is appealing from an appealable final post-judgment order, namely, the May 14, 2014 interlocutory order, particularly because Appellant Burrelle Duvauchelle purported to invoke HRCP Rule 60(b) in support of his April 3, 2014 motion to vacate a July 16, 2013 judgment and a June 26, 2013 dismissal order. However, the instant case does not involve a post-judgment order, because the circuit court has not yet entered a "judgment" on the particular causes of action that are at issue. By definition, a "judgment" is "a decree and any order from which an appeal lies." HRCP Rule 54(a) (emphasis added). In a prior appeal from this same case, this court specifically held in appellate court case number CAAP-13-0002812 that the circuit court's July 16, 2013 judgment failed to satisfy the requirements for an appealable final judgment under HRS § 641-1(a), HRCP Rule 58 and the holding in Jenkins. The June 26, 2013 dismissal

-3-

order is also not appealable as a final judgment. Carlisle v. One (1) Boat, 119 Hawai'i at 254, 195 P.3d at 1186. Neither the July 16, 2013 judgment nor the June 26, 2013 dismissal order qualifies as an appealable final judgment under HRS § 641-1(a), HRCP Rule 58 and the holding in Jenkins, and, thus, does not qualify as a "judgment" under HRCP Rule 54(a).

Absent a "judgment," the May 14, 2014 interlocutory order denying Appellant Burrelle Duvauchelle's April 3, 2014 motion to vacate the July 16, 2013 judgment and the June 26, 2013 dismissal order does not qualify as an appealable post-judgment order. Although Appellant Burrelle Duvauchelle purported to invoke HRCP Rule 60(b) in his April 3, 2014 motion to vacate the July 16, 2013 judgment and the June 26, 2013 dismissal order, Hawai'i appellate courts have consistently held that "a motion . . . pursuant to HRCP Rule 60(b), is authorized only in situations involving final judgments." Cho v. State, 115 Hawai'i 373, 382, 168 P.3d 17, 26 (2007) (citations and internal quotation marks omitted); Crown Properties, Inc. v. Financial Security Life Insurance Co., Ltd., 6 Haw. App. 105, 112, 712 P.2d 504, 509 (1985) ("A Rule 60(b), HRCP, motion is authorized only in situations involving final judgments."); Tradewinds Hotel, Inc. v. Cochrane, 8 Haw. App. 256, 262, 799 P.2d 60, 65 (1990) ("Rule 60(b) applies to motions seeking to amend final orders in the nature of judgments.").

Similarly in federal courts, "[t]he standard test for whether a judgment is 'final' for Rule 60(b) purposes is usually stated to be whether the judgment is sufficiently 'final' to be

appealed." 12 James Wm. Moore et al., Moore's Federal Practice § 60.23, at 81-82 (3d ed. 2009) (footnote omitted). Thus, the United States Court of Appeals for the Ninth Circuit has explained that "Rule 60(b) [of the Federal Rules of Civil Procedure] . . . applies only to motions attacking final, appealable orders[.]" United States v. Martin, 226 F.3d 1042, 1048 n.8 (9th Cir. 2000) (emphases added).

Because neither the July 16, 2013 judgment nor the June 26, 2013 dismissal order qualifies as a "judgment" under HRCP Rule 54(a), HRS § 641-1(a), HRCP Rule 58, and the holding in Jenkins, when Appellant Burrelle Duvauchelle filed his April 3, 2014 motion to vacate the July 16, 2013 judgment and the June 26, 2013 dismissal order, Appellant Burrelle Duvauchelle was not actually invoking the circuit court's authority under HRCP Rule 60(b) to grant relief from a judgment, but, instead, Appellant Burrelle Duvauchelle was invoking the circuit court's inherent authority to revise any and all interlocutory orders prior to the entry of a judgment. See HRCP Rule 54(b) (Acknowledging that an "order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."); Cho v. State, 115 Hawai'i at 383, 168 P.3d at 27 ("We agree . . . that the trial court has inherent power to reconsider interlocutory orders."). Consequently, the circuit court's resulting May 14, 2014 interlocutory order denying Appellant Burrelle Duvauchelle's April 3, 2014 motion to vacate the July 16, 2013 judgment and the June 26, 2013 dismissal order

is not a "post-judgment order" from which a party may appeal, but, instead, the May 14, 2014 interlocutory order is an interlocutory order that is potentially eligible for appellate review when and if a party asserts a timely appeal from the entry of a future appealable final judgment that resolves all remaining claims in the case, because "[a]n appeal from a final judgment brings up for review all interlocutory orders not appealable directly as of right which deal with issues in the case." Ueoka v Szymanski, 107 Hawai'i 386, 396, 114 P.3d 892, 902 (2005) (citation and internal quotation marks omitted). Absent an appealable final judgment and/or appealable final post-judgment order, we lack appellate jurisdiction, and Appellant Burrelle Duvauchelle's appeal is premature. Therefore,

IT IS HEREBY ORDERED that appellate court case number CAAP-14-0000883 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, October 10, 2014.


Chief Judge

Associate Judge

Associate Judge

-6-